## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **CHOUNTELLE HUDSON,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:24-cv-00259-TES** |
| **MACON BIBB PLANNING & ZONING COMMISSION,** | |
| *Defendant.* | |

## OMNIBUS ORDER

This case comes before the Court on two motions. One—which the Court must address first—is a Motion to Recuse [Doc. 39] filed by pro se Plaintiff Chountelle Hudson. The second is a Motion for Sanctions [Doc. 40] against Plaintiff filed by the defendant, the Macon-Bibb County Planning and Zoning Commission (hereinafter "the Commission" or "Defendant").

Plaintiff did not respond to the Commission's motion for sanctions, nor did she ask for an extension of time to respond. These choices really work to underscore the general premise of this Omnibus Order: that Plaintiff has no desire to diligently prosecute her case. To be very clear, though, Plaintiff's silence when it comes to the Commission's motion for sanctions in no way ensures an automatic "win" for the Commission nor does it ensure an automatic "loss" for her. In other words, courts don't

dispense sanctions just because a party fails to tender a response. *See United States v. One Piece of Prop., 5800 S.W. 4th Ave., Mia., Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (holding in the context of summary judgment that district courts "cannot base the entry of . . . judgment on the mere fact that [a] motion was unopposed"). Plaintiff's silence does, however, mean that she forewent any opportunity to press against the Commission's efforts to procure a sanction dismissing her case. Candidly, the Commission didn't respond to Plaintiff's arguments seeking recusal, either—ostensibly because of its pending motion for sanctions. Nevertheless, in situations like the one before it, the Court often finds that parties who are not seeking to recuse a judge (here, the Commission) usually do not respond to recusal efforts since they are, more often than not, strictly between the party seeking recusal and the Court. That said, Plaintiff's and the Commission's grounds for their respective motions aren't important . . . yet. What's important now is understanding how we even got to this crossroad.

A.      **Procedural History**

Right out of the gate, the Court wants to quickly mention one thing. The Clerk of Court filed Plaintiff's Complaint [Doc. 1] on July 29, 2024, and by September 3, 2024, she had permission to E-File anything with the Court just like an attorney. [Doc. 3]; [Doc. 40-1, p. 3]. That privilege, however, also brought with it an obligation and responsibility for Plaintiff to regularly monitor her case since she—because of her E-Filing permission—receives motions filed by the Commission as well as rulings and notices

electronically from the Court just like any attorney. Now, onto the procedural history for this case.

In lieu of immediately filing an answer, the Commission filed a Motion to Dismiss [Doc. 4] in an early effort to dismiss Plaintiff's claims asserted against it. In some apparent struggle to dissect Plaintiff's rather lengthy factual narrative for her employment discrimination claims, the Commission urged the Court to dismiss her Complaint as a shotgun pleading violative of Federal Rules of Civil Procedure 8 and 10.[1] [Doc. 4-1, pp. 8–10]. Even though its dismissal would've been without prejudice had the Court taken the shotgun-pleading route,[2] the Court elected against that route because once you take the time to really look at Plaintiff's allegations—although not the epitome of concision—they weren't all that convoluted when it came to discerning her claims. *See Hernandez v. CareerSource Palm Beach Cnty., Inc.*, No. 23-12285, 2025 WL 1541367, at *3–4 (11th Cir. May 30, 2025) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021)) ("This is not the case of 'a rambling, dizzying array of nearly incomprehensible pleading which still fail[ed] to provide a short and plain statement justifying relief.'"). So, overall, the Court denied the Commission's early attempt to toss

---

[1] In addition to its shotgun-pleading suggestion, the Commission also took a more merits-based approach to Plaintiff's Complaint and argued that her allegations failed to state a claim upon which relief may be granted. [Doc. 4-1, pp. 11–16].

[2] The Court briefly notes, however, that it did dismiss Plaintiff's claim brought under O.C.G.A. § 16-10-94 with prejudice for failure to state a claim. [Doc. 14, p. 1 n.1]. It also dismissed Plaintiff's discrimination, hostile work environment, and retaliation claims based on color, but it dismissed them without prejudice. [*Id.* at p. 19 n.11, p. 31].

Plaintiff's lawsuit, and it permitted her race-based claims for discrimination, a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 to proceed to discovery. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a); *see generally* [Doc. 14].

Right after that ruling, on October 29, 2024, the Court issued its standard Rules 16 & 26 Order [Doc. 15] with instructions for *both* Plaintiff and the Commission to "confer . . . and develop" a proposed scheduling and discovery order for its review. [Doc. 15, p. 2]. Per the Court's 30-day deadline, that proposed order—considering Federal Rule of Civil Procedure 6(a)(1)(C) and 6(a)(6)(A)—had to be submitted by December 2, 2024. [Doc. 15 (docket text stating: "Proposed Scheduling/Discovery order due by 12/2/2024.")].

On November 12, 2024, the Commission filed its Answer[3] [Doc. 16], and not long after, on November 30, 2024, Plaintiff unilaterally sought an extension of time regarding the deadline for the proposed scheduling and discovery order. *See* [Doc. 18]. In support of her request for an extension, Plaintiff stated that one of the Commission's attorneys, Jaci Gilliland, Esq., "contacted" her on November 13, 2024, and November 18, 2024, "to schedule a meeting," but Plaintiff needed more time because she was "still dealing with

---

[3] Plaintiff tried to file a "response" to the Commission's Answer; however, the Court struck that filing from the record since "[a] plaintiff is not permitted to file a responsive pleading to a defendant's answer, including affirmative defenses, unless the court orders a plaintiff to do so[.]" *See* [Doc. 20], *in connection with* [Doc. 26] *and* [Doc. 27 (quoting Fed. R. Civ. P. 7(a))]; *see also* [Doc. 30].

health issues."[4] [Doc. 18, pp. 1–2]; [Doc. 40-2, Gilliland Decl., ¶¶ 2–4]. Via text-only

order dated December 1, 2024, the Court denied Plaintiff's request for an extension,

stating:

> The Court interprets Plaintiff's motion as one to extend the time to meet
> and confer regarding the Rules 16/26 order. That motion is denied. Plaintiff
> must confer with Defendant (via phone is acceptable) as originally ordered[5]
> and jointly submit the required discovery order. If she does not, she runs
> the risk of having her case dismissed for failing to dutifully prosecute her
> case.

[Doc. 19].

Unbeknownst to the Court, though, the Commission had already emailed its

version of a proposed scheduling and discovery order to the Clerk on November 29,

2024. *See* Exhibit 1. To ensure compliance with the submission deadline, all parties are

instructed to email their proposed scheduling and discovery orders to the Clerk. [Doc.

15, p. 2]. Once received, the Clerk then forwards those emails and their attachments to

the judge's chambers for review. *See* Exhibit 1.

Here, the Clerk forwarded the Commission's email to the undersigned's

---

[4] At that point, there wasn't anything on the record to confirm the Commission's efforts to schedule a
meeting with Plaintiff. Since then, the Commission has provided the relative correspondence where it
attempted to schedule phone calls with Plaintiff. *See, e.g.*, [Doc. 21-1, pp. 1–2]; [Doc. 40-3, p. 2 (email from
Ms. Gilliland to Plaintiff dated November 13, 2024)]; [Doc. 40-4, p. 2 (follow-up email from Ms. Gilliland
to Plaintiff sent November 18, 2024)].

[5] Although courts construe pro se pleadings liberally, pro se litigants must still adhere to and follow
procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

chambers on December 2, 2024, and the Court approved the Commission's plan[6] for this case that same day. *See id.*; *see generally* [Doc. 21]. As set out in the Scheduling and Discovery Order [Doc. 21], discovery expired on May 25, 2025,[7] and dispositive motions were due by June 24, 2025.[8] [Doc. 21, pp. 2, 4]. At that point, court involvement in litigation ought to fall to its lowest point. Once a scheduling and discovery order is entered, the parties usually take it upon themselves to communicate with one another, schedule depositions, and exchange discovery. Plaintiff, though, likely due to her non-attorney, pro se status, had other plans for this case.

From January 6, 2025, until around late February, Plaintiff used her E-Filing permission to place various "discovery" on the record.[9] *See, e.g.*, [Doc. 22]. Now, to a certain degree, the Court can't fault Plaintiff for a few inevitable uncertainties about "what to do" as a pro se party. Similarly, it can't really blame her for wanting to "add evidence to this case" to support her claims, but there's a proper way and time to do so.

---

[6] In its email to the Clerk, the Commission was clear that Plaintiff did not participate in the development of the proposed scheduling and discovery order and that she otherwise failed to cooperate with its attempts to confer in order to properly meet the Court's deadlines. *See* Exhibit 1; [Doc. 21, pp. 1, 6]; *see also* [Doc. 40-2, Gilliland Decl., ¶ 8].

[7] The Scheduling and Discovery Order filed on December 2, 2024, states: "The time for discovery in this case shall expire May 25, 2024, that being no more than 180 days after the submission of the Proposed Order to the Court." [Doc. 21, p. 2]. That date is an apparent scrivener's error as May 25, 2024, had already passed as of December 2, 2024.

[8] On June 23, 2025, the Commission moved to stay the dispositive motion deadline. [Doc. 41].

[9] Plaintiff received a Notice of Deficiency from the Clerk essentially informing her that if she wanted to put an exhibit on the record, it must be attached to a motion. *See* Notice of Deficiency, *Hudson v. Macon Bibb Cnty. Planning & Zoning Comm'n*, No. 5:24-cv-00259-TES (M.D. Ga. Jan 7, 2025).

[Doc. 23, p. 1]. The Commission wasn't embarking on a willy-nilly tirade of premature discovery filing; it was waiting until the appropriate time—until it filed a dispositive motion (if that was going to be the course it chose). Since fairness is paramount in litigation, the Court took the opportunity to inform Plaintiff that she couldn't just randomly file documents whenever she felt like it. In denying what was nothing more than Plaintiff's attempt to inappropriately put evidence into the record, the Court issued a text-only order stating:

> A party is not allowed to file exhibits that are not related to a specific motion. Any party may file a dispositive motion as allowed by the Federal Rules of Civil Procedure. The Court will not cull through the record and look for various exhibits or other items of evidence. The party pursuing the motion must support its motion with relevant legal authority, facts that would be admissible at trial and other requirements located in the Court's Local Rules, the Federal Rules of Civil Procedure (Rule 56 in particular) and relevant caselaw from the Eleventh Circuit and the United States Supreme Court. Further, the Court cannot and will not act as counsel to an unrepresented party nor can it excuse the requirement of complying with all local and federal rules of evidence and civil procedure.

See [Doc. 24], *in connection with* [Doc. 22] *and* [Doc. 23]; *see also* n.5 *supra*. Then, on February 19, 2025, Plaintiff sought reconsideration of the Court's rulings related to her efforts to prematurely place discovery and evidence onto the record. [Doc. 29]. Even after the Court ultimately denied reconsideration, Plaintiff filed another Request for Production of Documents [Doc. 31] four days later. [Doc. 30]. Quickly, via a Notice of Deficiency, the Clerk reminded Plaintiff: "Discovery is not filed in the Middle District of Georgia. Please do not file discovery in the future. Do not file notices or certificates

regarding discovery. See Local Rule 5.1 and the CM/ECF Administrative Procedures."
*See* Notice of Deficiency, *Hudson v. Macon Bibb Cnty. Planning & Zoning Comm'n*, No.
5:24-cv-00259-TES (M.D. Ga. Feb. 25, 2025).

    While such tenacity might elsewhere be admirable, it's far from it when
litigants—pro se or represented—try so hard to circumvent simple procedural and
evidentiary rules. As the Court told Plaintiff, it's bound by its local rules, the Federal
Rules of Civil Procedure, and the Federal Rules of Evidence, and it will follow them in
accordance with the relevant precedent set by this Court, the Eleventh Circuit, and the
United States Supreme Court to ensure fairness. [Doc. 24].

    On April 15, 2025, Plaintiff—in one sentence—requested the Court to extend
discovery. [Doc. 33, p. 1]; [Doc. 34, p. 1]. Later that day, the Court denied her request via
text-only order, stating:

> Plaintiff offers nothing in support of her bare-boned motion asking for an
> extension of discovery. If Plaintiff wishes to extend the discovery period,
> she should explain to the Court the efforts that she has made in discovery,
> why she needs more time and what she would accomplish in the requested
> time frame. Merely asking for an unspecific amount of time is not sufficient.

[Doc. 35]. Then, on May 8, 2025, Plaintiff made a second request for the Court to extend
the deadline for the discovery. [Doc. 36]. This time, however, Plaintiff mentions what
appears to be choice-of-communication issues between her and the Commission. [*Id.* at
pp. 1–2]. She also mentions that she needs to extend the discovery deadline "due to
health reasons." [*Id.* at p. 2]. To her second request, the Court ruled:

Plaintiff has again not shown good cause for extending discovery. For example, Plaintiff alleges that Defendant[] [is] refusing to communicate with her. However, she apparently wants [Ms. Gilliland] to call her and not email. Whether that is true or not, Plaintiff does not explain how not communicating with her in her preferred fashion has hindered her discovery efforts. The Court finds that she has not put forth sufficient cause for an extension[,] and her motion is DENIED. The scheduling order and its deadlines remain in place.

[Doc. 37].

With apparent communication issues looming as the May 25, 2025 discovery deadline fast approached, the Commission contacted the Court in accordance with its Scheduling and Discovery Order "to request a conference . . . regarding a discovery issue." [Doc. 21, pp. 2, 4]; *see also* n.7, *supra*; *see, e.g.*, Exhibit 2. In spelling out the reasons for the conference, the Commission informed the Court on May 12, 2025, that it:

> . . . served discovery requests upon Plaintiff on March 24, 2025. Plaintiff's responses were due on April 23, 2025, but Defendant did not receive any responses from Plaintiff. On April 28, 2025, Defendant's counsel notified Plaintiff of her failure to timely respond to Defendant's discovery requests and requested that she provide full responses by May 7, 2025[,] in a good faith effort to resolve the discovery dispute. (Email to Plaintiff attached). Plaintiff acknowledged receipt of this correspondence via email on April 30, 2025[;] however, Plaintiff did not provide any responses by May 7, 2025. On May 9, 2025, Defendant's counsel reached out to Plaintiff again via email to request that she provide responses to [its] discovery requests by May 12, 2025[,] at 9:00 [A.M]. (Email to Plaintiff attached). Plaintiff still has not provided any responses to Defendant's discovery requests. The discovery period is scheduled to conclude on May 25, 2025. I have also copied Plaintiff on this email correspondence.

*See* Exhibit 2. That same day, the Court scheduled a Telephone Conference for 11:00 A.M. on May 28, 2025. *See id.*; *see also* Notice of Setting Hearing, *Hudson v. Macon Bibb*

*Cnty. Planning & Zoning Comm'n*, No. 5:24-cv-00259-TES (M.D. Ga. May 12, 2025). After placing notice of the Telephone Conference on the docket, the Court emailed Plaintiff and the Commission the call-in instructions. *See* Exhibit 3.

As scheduled, the Court held the Telephone Conference on May 28, 2025, but Plaintiff didn't call in. [Doc. 38]. Only the Court and the Commission participated in the Telephone Conference. [*Id.*]. Then, nearly two weeks after the fact, Plaintiff emailed the Court and the Commission: "May you all reschedule the date? It appears you all are doing one thing, and the judge is communicating something different. I can communicate this with the judge as well upon filing." *See* Exhibit 3. In response, the Court emailed Plaintiff (with the Commission copied) that it held the Telephone Conference at the scheduled time. *See id.*

This, as you've likely put together, ushered in Plaintiff's recusal motion and the Commission's motion seeking to dismiss her case as a sanction. [Doc. 39]; [Doc. 40]. Before addressing whether dismissal is the appropriate sanction in this case, the Court turns its attention to Plaintiff's recusal efforts.

### B.    <u>Plaintiff's Motion to Recuse</u>

Recusal in a federal case is governed by two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. [Doc. 42, p. 1]. Plaintiff doesn't identify either in her motion. *See generally* [Doc. 39]. However, because she did not supply the affidavit required by § 144 and because she is proceeding pro se and, therefore, cannot supply the certificate of counsel

also required by § 144, the Court only evaluates her motion under § 455. *See* 28 U.S.C. § 144; *Middlebrooks v. Macon-Bibb Cnty., Ga.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (quoting *Williams v. N.Y.C. Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. Sept. 25, 2003)) ("A pro se party cannot supply a certificate of counsel.").

Under § 455(a), a judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned. *United States v. Gelin*, No. 21-11091, 2022 WL 10220112, at *2 (11th Cir. Oct. 18, 2022). While § 455 does not require an affidavit, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 744–75 (11th Cir. 1989)); *see also Middlebrooks*, 2024 WL 555884, at *8 (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (per curiam)). "The allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*, 2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Here, Plaintiff first argues that recusal is warranted because the judge "is moving extremely too fast as it relates to this case, even responding within the same day" or "the next day" of a filing. [Doc. 39, pp. 1, 3]. "Ordinarily, a judge's rulings in [a] case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam); *see also Brown v. U.S. Pat. & Trademark Off.*, 226 F. App'x 866, 869 (11th Cir. 2007) (per curiam) (quoting *Liteky v. United States*, 510

U.S. 540, 556 (1994) (noting that "complaints regarding 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel' are not sufficient to require recusal")). "The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter*, 906 F.2d at 678. "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" *Id.* (quoting *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986)); *see also United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991). However, a judge should not recuse himself from a case based upon "unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam).

Plaintiff's contentions underlying her recusal efforts are unavailing. Not only has she failed to demonstrate that the undersigned harbors personal bias or prejudice against her, *see* § 455(b)(1), but she also failed to show that a fully informed observer might doubt the undersigned's impartiality in this case. *Kelly*, 888 F.2d at 744–75. Notwithstanding those shortcomings, Plaintiff also doesn't set forth any argument that the perceived bias stems from extrajudicial resources. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). Put simply, the Court's prompt responses to the parties' motions are not proper grounds for recusal. *See Wood v. Fredrick*, No. 21-12238, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) ("Even assuming that certain case management orders by the district court asymmetrically disadvantaged Wood, such actions cannot

reasonably call into doubt the judge's impartiality."); [Doc. 39, p. 1]. As you can see

from this case's procedural history, there were, in fact, several instances where the

Court ruled on motions without a response from a particular party. *See, e.g.*, [Doc. 7];

[Doc. 19]; [Doc. 24]; [Doc. 27]; [Doc. 30]; [Doc. 35]; [Doc. 37]; [Doc. 42]. That, however, is

unquestionably permitted by this Court's local rules as district courts have "inherent

power to manage [their own] dockets." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d

1333, 1337 (11th Cir. 2005); *see* LR 7.7, MDGa (noting that certain motions—motions for

extension of time and "motions which clearly have no basis in law"—may be excepted

from standard briefing schedule).[10] Routine case administration efforts, "including the

time it takes to consider and rule on motions . . . are not proper grounds for recusal."

*Whitest v. Crisp Cnty. Sch. Dist.*, No. 1:17-CV-109 (LAG), 2022 WL 21841606, at *3 (M.D.

Ga. Mar. 3, 2022), *aff'd*, No. 22-11826, 2023 WL 8627498 (11th Cir. Dec. 13, 2023). And,

within that same vein, "[m]ere disagreement with [a] district court's rulings and

management of the case is insufficient to warrant recusal." *Whitest*, 2023 WL 8627498, at

*5 (citing *Thomas*, 293 F.3d at 1329).

---

[10] In full, Local Rule 7.7 states:

> The following motions may be considered by the Court immediately after filing: motions for extension of time, motions to exceed the page limitation, motions for hearings, motions to file surreply briefs, motions which clearly have no basis in law, and such other motions as the Court may otherwise determine from the parties to be unopposed or in which the Court may clearly determine from the record before it the relative legal positions of the parties so as to obviate the need for the filing of opposition thereto. Objections to the motions will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to one of the foregoing motions must file a written objection within seven (7) days after service of the motion.

Plaintiff's complaints about the timing or speed of the undersigned's rulings on various motions just aren't enough to mandate recusal. As discussed above, Plaintiff, at her own request, received E-Filing permissions from the Clerk. [Doc. 3]; [Doc. 40-1, p. 3]. Those permissions give her notice of everything filed in her case the literal moment it's filed—whether it's by her, the Commission, the Clerk, or the Court. Her argument that "[t]he Judge may be telling me one thing, but the [Commission's attorneys] will be asking/needing something else which puts me in a position to wait and see what the Judge says first" is nothing more than a smokescreen to sow seeds of uncertainty where none should exist on such a clear and real-time record. [Doc. 39, p. 2].

Plaintiff also argues that "[t]here appears to be quite a few errors" when it comes to when things are due in this case. [*Id.* at p. 3]. Not so. In support of her allegation of "error," she mentions that the Scheduling and Discovery Order is due by May 25, 2025, and that the Scheduling and Discovery Order is also due by December 2, 2024. [*Id.*]. That's incorrect. As the Court discussed above, a proposed scheduling and discovery order had to be *submitted* by December 2, 2024, for the Court's review. [Doc. 15]. Discovery—that is "[t]he pretrial phrase of a lawsuit during which depositions, interrogatories, and other forms of [evidence] are [exchanged]"—via the Scheduling and Discovery Order *was set to expire* on May 25, 2025. *Discovery*, Black's Law Dictionary (10th ed. 2009) [Doc. 21, p. 2]; *see also* n.7, *supra*. Once the Court received the Commission's proposed scheduling and discovery order on December 2, 2024, it

14

"ma[de] it the order the Court," and set the expiration of the discovery period for May 25, 2025. *See* [Doc. 21, pp. 2, 7 (emphasis omitted)]; *see also* n.7, *supra*.

True, Plaintiff elected to proceed as her own attorney, which she is absolutely entitled to do—but when it comes to understanding or misunderstanding the process of federal-court litigation, she represents herself at her own peril. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"). And, as the Court has told her already, it will not act as her counsel to prompt, prod, or ensure her compliance with everything that accompanies a federal case. *See* [Doc. 24].

Lastly, Plaintiff's arguments culminate in her belief that the undersigned will not give her a fair hearing or trial. She states, "I am respectfully asking that another Judge maybe [*sic*] placed in [*sic*] this case, one that will thoroughly and fairly look into this case and its documents provided/filed into the case." [Doc. 39, p. 5]. She says that she has "no faith" in the undersigned and doesn't "think that he can be trusted with . . . presiding over this case." [*Id.* at pp. 5–6]. That conclusory assertion, however, does not warrant recusal. *See Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations."). Not that it's in any way relevant to the recusal issue before it, but the Court ruled in *Plaintiff's* favor when it came to the Commission's previous attempt to dismiss her case. Now, for all intents and purposes, through her unspecified extensions of time for discovery, it

appears that Plaintiff wants to force this case to linger. The Court will not allow that. The Court set certain deadlines in its Scheduling and Discovery Order (deadlines about which Plaintiff could've had some input had she chosen to make the effort to confer with the Commission, *see* n.6, *supra*), and it ruled against extending those deadlines because this is a simple, straightforward employment discrimination case. There is no reasonable explanation why discovery couldn't be exchanged and depositions couldn't be taken in the months provided. [Doc. 21, p. 2 ("The time for discovery in this case shall expire May 25, 202[5], that being no more than 180 days after the submission of the Proposed Order to the Court.")]. Regardless of whether Plaintiff sees them this way, the Court's rulings have fairly held both her and the Commission to the same deadlines. The fact is, she doesn't want to move her case along according to the applicable rules.

Obviously, the thrust behind Plaintiff's recusal efforts merely stems from the Court's quick response to motions, but that is not cause for recusal. The Court has held both Plaintiff and the Commission to the *same* deadlines and to the same Scheduling and Discovery Order "that affects [them] equally." *Wood*, 2022 WL 1742953, at *4. After careful consideration of Plaintiff's recusal arguments, recusal is not warranted under § 455, and the Court **DENIES** her Motion to Recuse [Doc. 39].

### C.    <u>The Commission's Motion for Sanctions</u>

Next, pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), the Commission asks the Court to dismiss Plaintiff's case against it with prejudice. [Doc. 40-

1, pp. 2, 8–9]. Although the sanction sought by the Commission is Rule 37's "most severe sanction," *see* Fed. R. Civ. P. 37(b)(2)(A)(v), its grounds for such a drastic request are simple but plentiful. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); [Doc. 40-1, pp. 2, 11–12].

### 1. Federal Rule of Civil Procedure 37(d)

Relying on Rule 37(d), the Commission provides three bases for the Court to dismiss Plaintiff's case as a sanction for her conduct. First, as discussed above, Plaintiff failed to respond to the Commission's discovery requests. [Doc. 40, p. 1]; *see* Exhibit 2. Second, Plaintiff failed to respond to the Commission's good faith efforts to resolve the fact that she refused to provide it with any discovery responses. [Doc. 40, p. 1]; *see* Exhibit 2. And third—a basis the Court hasn't really discussed yet—the Commission says that Plaintiff failed to appear for her properly noticed deposition. [Doc. 40, p. 1].

In support of dismissal, the Commission supplied a Declaration [Doc. 40-2] from Ms. Gilliland. On February 24, 2025, Plaintiff filed the aforementioned Request for Production of Documents, and although her discovery request wasn't properly served on the Commission, it responded, nonetheless. [Doc. 31]; [Doc. 40-2, Gilliland Decl., ¶ 19]; *see, e.g.,* [Doc. 40-7, p. 2]. On March 24, 2025, the Commission served its discovery requests upon Plaintiff. [Doc. 40-2, Gilliland Decl., ¶ 10]. Plaintiff's discovery responses were due no later than April 23, 2025, but she never provided a thing. [*Id.* at ¶ 12]; *see, e.g.,* [Doc. 40-8, p. 2]. So, in a good faith effort to resolve what was rapidly boiling to a

discovery dispute, Ms. Gilliland emailed Plaintiff and sent her a letter via certified mail on April 28, 2025. [Doc. 40-2, Gilliland Decl., ¶ 16]; *see, e.g.*, [Doc. 40-13, pp. 2–3]; [Doc. 40-14, pp. 2–3]. In those communications, Ms. Gilliland notified Plaintiff of her failure to timely respond to the Commission's discovery requests, and she requested Plaintiff to provide full responses by May 7, 2025. [Doc. 40-2, Gilliland Decl., ¶ 16]; *see, e.g.*, [Doc. 40-13, p. 2]; [Doc. 40-14, p. 2]. On April 30, 2025, Plaintiff responded to Ms. Gilliland's email: "Hi, I'm just seeing this. You can call also[,] Attorney Jaci[,] and inform me." [Doc. 40-2, Gilliland Decl., ¶ 17]; *see, e.g.*, [Doc. 40-15, p. 2]. Again, Plaintiff did not provide anything in response to the Commission's discovery requests by May 7, 2025. [Doc. 40-2, Gilliland Decl., ¶ 18].

So, in *another* effort to fix things, Ms. Gilliland reached out to Plaintiff again via email on May 9, 2025. [Doc. 40-2, Gilliland Decl., ¶ 19]; *see, e.g.*, [Doc. 40-16, pp. 2–3]. In that email, Ms. Gilliland requested Plaintiff to provide her discovery responses by May 12, 2025. [Doc. 40-2, Gilliland Decl., ¶ 19]; *see, e.g.*, [Doc. 40-16, p. 2]. Also in that email, Ms. Gilliland attached a copy of the Commission's deposition notice and reminded Plaintiff that the Commission had noticed Plaintiff's deposition for 10:00 A.M. on Friday, May 16, 2025. [Doc. 40-2, Gilliland Decl., ¶ 19]; *see, e.g.*, [Doc. 40-16, p. 2]. Ms. Gilliland further informed Plaintiff that if Plaintiff was unavailable on May 16, 2025, she was willing to schedule the deposition for an alternate date. [Doc. 40-2, Gilliland Decl., ¶ 19]; *see, e.g.*, [Doc. 40-16, p. 2]. In relevant part, Ms. Gilliland's email states:

> Although you were unresponsive to our requests and did not provide available dates for your deposition, we are still willing to schedule the deposition for an alternate date if you are unavailable on May 16, 2025. Please let us know if you would like to discuss an alternate date for your deposition[;] however, the discovery period is set to close on May 25, 2025, so the deposition must take place before that date.

*See, e.g.*, [Doc. 40-16, p. 2]. Plaintiff did not respond to Ms. Gilliland's May 9, 2025 email or attempt to contact Ms. Gilliland by phone, nor did she, once again, file anything in response to the Commission's discovery requests by May 12, 2025.[11] [Doc. 40-2, Gilliland Decl., ¶¶ 20–21]. On May 12, 2025, Ms. Gilliland outlined the Commission's discovery issues involving Plaintiff and emailed the Court requesting the Telephone Conference discussed above. [*Id.* at ¶ 22]; *see e.g.*, [Doc. 40-17 p. 2]. Again, despite having ample notice, Plaintiff did not participate in that Telephone Conference. *See* Notice of Setting Hearing, *Hudson v. Macon Bibb Cnty. Planning & Zoning Comm'n*, No. 5:24-cv-00259-TES (M.D. Ga. May 12, 2025); *see, e.g.*, [Doc. 38]; Exhibit 2; Exhibit 3.

A party's failure to cooperate is frustrating to be sure, but perhaps the largest source of frustration comes from situations in which a party files a lawsuit and completely beats around the bush, so she doesn't have to sit for a deposition. If you're going to sue someone, you have to be prepared to be deposed.

After the Commission initially served its discovery requests, Ms. Gilliland emailed Plaintiff on three separate occasions—on April 3, 2025; April 11, 2025; and

---

[11] In fact, as of the day the Commission filed the instant motion for sanctions, Plaintiff still had not provided any discovery responses. [Doc. 40-2, Gilliland Decl., ¶ 28].

April 21, 2025—to request possible deposition dates. [Doc. 40-2, Gilliland Decl., ¶ 11]; *see, e.g.*, [Doc. 40-9, p. 2]. With no response from Plaintiff, Ms. Gilliland sent Plaintiff a deposition notice via email, and she also sent it by certified mail.[12] [Doc. 40-2, Gilliland Decl., ¶¶ 13–14]; *see, e.g.*, [Doc. 40-10, pp. 2–4]. In that email (sent on April 25, 2025), Ms. Gilliland asked Plaintiff to let her know if she was not available on May 16, 2025, as she was willing to reset the deposition for another date or at another location that was "more convenient" for Plaintiff. [Doc. 40-2, Gilliland Decl., ¶ 15]; *see, e.g.*, [Doc. 40-11, p. 2]. Again, mostly crickets aside from Plaintiff telling Ms. Gilliland that "[she] can call" her. [Doc. 40-2, Gilliland Decl., ¶ 17]; [Doc. 40-15, p. 2 (Hi, I'm just seeing this. You can call also Attorney Jaci and inform me.")]. Plaintiff didn't appear for her scheduled deposition on May 16, 2025.[13] [Doc. 40-2, Gilliland Decl., ¶ 24]; *see generally* [Doc. 40-19].

All of this, of course, led to the Commission's request for the Telephone Conference, and when Plaintiff was a "no show" for that, too, the Commission, otherwise hamstrung, resorted to seeking sanctions. Based on all the foregoing, the Commission argues that Plaintiff has prejudiced its ability to mount its defense against Plaintiff's claims. [Doc. 40-1, p. 2]. The Court absolutely agrees.

Rule 37 "provides generally for sanctions against parties or persons unjustifiably

---

[12] Plaintiff received the deposition notice via certified mail on May 1, 2025. *See, e.g.*, [Doc. 40-12, p. 2].

[13] Within its motion for sanctions, the Commission also seeks to recover costs due to Plaintiff's failure to attend her deposition. [Doc. 40-1, p. 12]. As evidenced by an invoice, the Commission states that it incurred costs in the amount of $559.55 for the court reporter's services. [Doc. 40-2, Gilliland Decl., ¶ 25]; *see e.g.*, [Doc. 40-20, p. 2].

resisting discovery," and district courts have broad discretion to control discovery and any potential sanctions for "uncooperative litigants." Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1970 Amendment; *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). If a party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). This rule also permits sanctions against a party who fails to attend its own deposition. Fed. R. Civ. P. 37(d). Further, "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)," and Rule 37(b)(2)(A)(v) permits "dismissing the action or proceeding in whole or in part." "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, Plaintiff's actions (or lack thereof) in moving her *own* case along are inexcusable. Not only has Plaintiff failed to respond to the Commission's discovery requests, but the Commission's efforts to work with Plaintiff to solve the discovery issues and its above-and-beyond efforts to communicate with and accommodate Plaintiff for her deposition easily demonstrate the appropriateness of dismissal as a sanction pursuant to Rule 37. Additionally, the clear and obvious prejudice as to the Commission's ability to defend against Plaintiff's claims brought about by her refusal to

respond to discovery or sit for her deposition are exactly the problems Rule 37 sanctions are intended to prevent. *Gratton*, 178 F.3d at 1374 ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process.").

Thus, in exercising the discretion afforded to it, the Court **GRANTS** the Commission's request for dismissal as a sanction pursuant to Rule 37 and **DISMISSES** this action **with prejudice**. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3); *Phipps*, 8 F.3d at 790. The Court **ORDERS** Plaintiff to pay the Macon-Bibb County Planning and Zoning Commission **$559.55** for the costs it incurred because of her failure to appear for her deposition on May 16, 2025. [Doc. 40-1, p. 12]; *see also* n.13, *supra*.

### 2.     Federal Rule of Civil Procedure 41(b)

The Court also **GRANTS** the Commission's request for dismissal pursuant to Rule 41(b). "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss an action or any claim against it." Fed. R. Civ. P. 41(b). Considering that Plaintiff failed to participate in the development of the proposed scheduling and discovery as ordered by the Court in its standard Rules 16 & 26 Order [Doc. 15], she unquestionably failed to obey a court order, and "Rule 41(b)

authorizes a district court to dismiss an action for failure to obey a court order."[14] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Second, notwithstanding everything discussed above pertaining to Plaintiff's failure to meaningfully participate in discovery and her failure to appear for her deposition, she also failed to participate in the duly noticed Telephone Conference scheduled by the Court at the Commission's request to resolve this case's many discovery issues. *See* Notice of Setting Hearing, *Hudson v. Macon Bibb Cnty. Planning & Zoning Comm'n*, No. 5:24-cv-00259-TES (M.D. Ga. May 12, 2025).[15] The Court held the Telephone Conference as scheduled on May 28, 2025, but it wasn't until June 10, 2025, that Plaintiff ever communicated with anyone. She never called the Court before the Telephone Conference to try and reschedule it, and to the Court's knowledge, she never reached out to the Commission to bring a scheduling concern to its notice either. Again, almost two whole weeks passed after the Telephone Conference, and *then* Plaintiff sent an email to the Court and the Commission's counsel asking for a rescheduled date. *See* Exhibit 3. The Court is admittedly rather lenient when it comes to rescheduling certain matters, but by Plaintiff's delinquent efforts to reschedule the Telephone Conference, it's clear that she has no desire to further this

---

[14] The Court's Rules 16 & 26 Order states: "Failure by counsel or parties not represented by counsel to cooperate in the preparation and filing of the report will result in sanctions. Failure to comply with discovery or with any order of the Court may result in dismissal of the case . . . or other sanctions." [Doc. 15, p. 2].

[15] The relevant Notice states: "Telephone Conference re Discovery set for 5/28/2025 11:00 AM in Macon before US DISTRICT JUDGE TILMAN E SELF III. ***Telephone Conference instructions emailed to counsel***[.]"

case along. Such gamesmanship is unacceptable.

As summarized above, the record demonstrates that Plaintiff is only interested in engaging in the case on *her terms* and at *her convenience*. However, she wouldn't even respond to the Commission's many efforts to help further her case along. Similarly, she also skipped out on the Court's efforts to resolve the discovery issues during its Telephone Conference. Plaintiff's conduct easily buttresses what needs to be an explicit finding by the Court that dismissal is the only sufficient sanction. *Betty K Agencies*, 432 F.3d at 13339–40. Considering what all has occurred in this case, it is. The business of the federal courts cannot be at the mercy of litigants who purposefully slow the progress of litigation.

The Court recognizes that dismissal is an "extraordinary" remedy, but it is justified "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Moon*, 863 F.2d at 837; *Gratton*, 178 F.3d at 1374 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Further, the Eleventh Circuit has held time and time again that "dismissal upon disregard of an order, especially where the litigant has been forewarned," can be a permissible sanction even when a litigant is proceeding pro se. *See, e.g.*, *Moon*, 863 F.2d at 837 ("If a *pro se* litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant."); *see also Middlebrooks v. City of Macon-Bibb Cnty., Ga.*, No. 24-10705, 2025 WL 753377, (11th Cir. Mar. 10, 2025). By way of one example, the Eleventh Circuit, in

*Amaechi v. Geico*, affirmed this Court's dismissal of an action with prejudice where a pro se plaintiff engaged in nearly identical behavior and conduct surrounding discovery. No. 22-13450, 2024 WL 710546 (11th Cir. Feb. 21, 2024). Like the plaintiff in *Amaechi*, Plaintiff's "status as a pro se litigant doesn't grant her a license to ignore . . . rules and orders nor does it shield her from the consequences of her failure to comply." *Amaechi v. Geico*, No. 5:20-cv-00442-TES, 2022 WL 4134733, at *4 (M.D. Ga. Sept. 12, 2022), *aff'd* No. 22-13450, 2024 WL 710546 (11th Cir. Feb. 21, 2024).

By one of its previous text-orders, the Court clearly warned Plaintiff that "she runs the risk of having her case dismissed" if she did not "dutifully prosecute" it. [Doc. 19]. Despite being warned about what could happen, she not only failed to (1) engage in the development of the proposed scheduling and discovery order,[16] (2) respond to the Commission's numerous discovery requests, and (3) appear for her deposition (the driving forces behind the Commission's request for dismissal as a sanction), but she also (as far as the Court is concerned for Rule 41 purposes) failed to do all of that on top of disobeying the Court's Rules 16 & 26 Order and not calling in for the scheduled Telephone Conference. [Doc. 38 (noting Plaintiff's absence from the Telephone Conference)]. Therefore, based on her "repeated[] and stubborn[] defian[ce]" in

---

[16] To the extent the Court's acceptance of the Commission's proposed scheduling and discovery order (without Plaintiff's participation in its development because she choose not to do so) can be seen as a "sanction" for that lack of participation, *see* Fed. R. Civ. P. 37(b)(2)(A)(i), there are plenty of other reasons that warrant dismissal under Rules 37(d) and 41(b). *See* Exhibit 1; *see also* [Doc. 40-2, Gilliland Decl., ¶ 8].

"dutifully prosecut[ing] her case" despite the Court's clear warning of this potential

sanction, the Court finds that dismissal under Rule 41(b) is warranted. *Moon*, 863 F.2d at

839; *Gratton*, 178 F.3d at 1374 (citing Fed. R. Civ. P. 41(b)) ("Rule 41(b) authorizes a

district court to dismiss a complaint for failure . . . to comply with a court order . . . .").

Plaintiff's conspicuous efforts to stall and delay efficient resolution of her case, leave the

Court with the firm conviction that lesser sanctions—based on this case's history and

the fact that "[d]istrict courts have unquestionable authority to control their own

dockets"—will not suffice.[17] *Smith v. Psych. Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir.

2014); *Amaechi*, 2024 WL 710546, at *3. Accordingly, the Court also **DISMISSES** this

action **with prejudice** pursuant to Rule 41(b). *See* Fed. R. Civ. P. 41(b); *see also*

*Middlebrooks*, 2024 WL 555884, at *12 (citing *Moon*, 863 F.2d at 837) (dismissing action

with prejudice for failure to comply with a court order), *aff'd* No. 24-10705, 2025 WL

753377, (11th Cir. Mar. 10, 2025).

### D.    <u>Conclusion</u>

For the reasons discussed in greater detail above, the Court **DENIES** Plaintiff's

Motion to Recuse [Doc. 39]. The Court **GRANTS** the Commission's Motion for

Sanctions [Doc. 40] and **ORDERS** Plaintiff to pay the Macon-Bibb County Planning and

---

[17] "The record also supports an implicit finding that any lesser sanction than dismissal would not . . . serve[] the interests of justice." *Goforth*, 766 F.2d at 1535; *see also Gratton*, 178 F.3d at 1374 ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice.").

Zoning Commission **$559.55** for the costs it incurred because of her failure to appear for her deposition on May 16, 2025. Plaintiff must remit payment by ***August 4, 2025***.

Pursuant to Federal Rules of Civil Procedure 37(d)(3) and Rule 41(b), this action is **DISMISSED with prejudice**, and the Clerk of Court may **ENTER** Judgment accordingly to **CLOSE** this case.

 **SO ORDERED**, this 3rd day of July, 2025.

      *S/ Tilman E. Self, III*
      **TILMAN E. SELF, III**
      **UNITED STATES DISTRICT JUDGE**